## In re PETERS.
## No. 5173.

District Court, W. D. Louisiana, Shreveport Division, Natchitoches Parish.

Oct. 17, 1938.

E. S. Prudhomme, of Natchitoches, La., for debtor.

Harold Moses, of New Orleans, La., for creditor Federal Land Bank.

C. T. Munholland, of Monroe, La., supervising conciliation commissioner.

DAWKINS, District Judge.

Joe Peters was among those who first in this district took advantage of the first amendment to the Bankruptcy Act, Section 75, 47 Stat. p. 1470, c. 204, 11 U.S.C.A. § 203, dealing with farmers, adopted March 3, 1933, and filed his application on September 21, 1933. He was represented by Mr. E. S. Prudhomme, an attorney of Natchitoches, Louisiana, who, about the same time, filed similar petitions for himself and for one Fredieu. These cases and all others were handled by Prudhomme in about the same way as he did his own, described in the opinion of this court finally disposing of his proceeding. See In re Prudhomme, D.C., 24 F.Supp. 155.

The outstanding fact of the matter in the present instance is that Peters has paid nothing on his indebtedness to the Federal Land Bank since 1930, notwithstanding substantial crops have been made in some years, and the bank has had to pay the taxes since that year, redeeming the property once from forfeiture to the State for failure to pay taxes. As disclosed by the reports, both of the Conciliation Commissioner for Natchitoches Parish and the Supervising Conciliation Commissioner, hearings have been had and the necessity for action on the part of the debtor brought to his attention and that of his attorney several times. There was some uncertainty in the order by the Conciliation Commissioner of February 17, 1936, as to whether the debtor should pay in cash the rental fixed, which was calculated upon the prospective production of the property, at the sum of $985, or in portions of the crop, as therein stated. However, Peters did neither and has continued to take and use whatever has been realized from the property without any intelligible accounting whatever, notwithstanding he has been ordered to do this more than three years ago. The Clerk of this Court sent the notice of the order to account by registered mail to his attorney, Prudhomme, but Peters claimed not to have received it, although in his testimony he said he was relying on his said attorney in such matters.

The record, I think, clearly shows that neither Peters nor his attorney has had any bona fide intention of trying to work out his affairs in the spirit of the Bankruptcy Law, 11 U.S.C.A. § 1 et seq., as it applies to farmers, and in justice to his creditors, but have continued to take what could be gotten from the property with the hope that the inevitable result would be postponed as long as possible. The property has been permitted to deteriorate, timber has been cut from it without authority from the court, and the farm is in much worse condition than it was when these proceedings started, with accumulated interest and taxes of about five years since it was filed. There appears to be a complete absence of good faith and no possible chance of rehabilitating the debtor.

Under the circumstances, the plea of the Federal Land Bank, chief creditor, that the proceeding should be ended and the estate wound up by liquidation, will be granted. The entire record is made a part hereof.